UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                    CASE No. 2:17-cr-33

v.

                                    HON. ROBERT J. JONKER

JEREMY LEE HEINKEL,

    Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

### INTRODUCTION

The matter is before the Court on Magistrate Judge Vermaat's Report and Recommendation (ECF No. 100) and Defendant's Objection (ECF No. 101). Under the Federal Rules of Criminal Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation." FED. R. CRIM. P. 59(b)(3). "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." *Id.* De novo review in these circumstances requires at least a review of the record before the Magistrate Judge.

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendant's Objections. After its review, the Court finds that Magistrate Judge Vermaat's Report and Recommendation is factually sound and legally correct.

## BACKGROUND

Defendant was found guilty of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6).  He was sentenced on June 4, 2018, to 54 months' imprisonment, followed by three years of supervised release.  (ECF No. 48).  Supervision commenced on November 26, 2021.

Defendant's supervision has been marred by ongoing alcohol and narcotics issues.  On December 30, 2021, the probation officer petitioned the Court to modify the conditions of supervised release by adding a special condition of a curfew.  Specifically, Defendant used narcotics while in custody at the Newaygo County Jail, and after his release he consumed alcohol, methamphetamine and marijuana.  The Court noted it was a "terrible start" to supervision and imposed the curfew.  (ECF No. 61).  Only a few days later, on January 12, 2022, the probation officer petitioned for revocation of Defendant's supervised release for a total of fourteen violations after Defendant admitted to narcotics use, failed to check in with the officer, and failed to attend drug testing and substance abuse assessments.  (ECF No. 63).  Defendant was arrested, and later admitted to several violations.  On June 1, 2022, the Court revoked Defendant's term of supervised release and sentenced him to twelve months' imprisonment, followed by twenty-four months' supervision.  (ECF No. 85).

A month later, Defendant violated the terms of his supervision by assaulting another inmate in the Newaygo County jail.  On January 5, 2023, the probation officer issued a "Report on Offender Under Supervision."  The officer indicated that Defendant "violated conditions of supervised release" on July 1, 2022.  More specifically, while he as lodged at the Newaygo County Jail, Defendant assaulted another inmate.  He was charged and convicted of aggravated assault in State Court.  (ECF No. 87).

The Court directed the probation officer to initiate formal violation procedures, and a petition issued on January 26, 2023. (ECF No. 90).[1] On February 23, 2023, Defendant filed a motion to dismiss the petition. (ECF No. 98). The motion contends that because Defendant was serving a sentence of incarceration following revocation at the time he committed the assault, he was not subject to the conditions of his supervised release. (ECF No. 98). The government opposes the motion. (ECF No. 99). The Magistrate Judge recommends denying the defense motion (ECF No. 100) to which the defense has objected (ECF No. 101).

## DISCUSSION

The Magistrate Judge accurately summarized the defense and the government's respective positions:

> Heinkel contends that he was not subject to the conditions of supervised release while he was in custody. Heinkel asserts that "confinement and supervised release do not and cannot run simultaneously." In response, the Government argues that once supervised release begins, "the district court's supervisory authority continues until the defendant's supervised release terminates or expires." As such, "the court's ability to police violations of the release's conditions also continues."

(ECF No. 100, PageID.339) (internal citations omitted). The Magistrate Judge then concluded that the government had the better of the two arguments and recommended denying the motion to dismiss.

Defendant's objections miss their mark. The basic point of both *Cross* and *Sterling* is that revocation does not equal termination. Supervisory authority continues, even during a period of custody tolling revocation. The tolling provision in 18 U.S.C. § 3624(e) is not to the contrary, and neither is *United States v. Johnson*, 529 U.S. 53 (2000). The tolling provision simply stops

---

[1] Defendant was released from custody on January 13, 2023. Since that time, he has been presented with notice of additional violations of his supervision which have yet to be adjudicated.

3

the running clock; it doesn't address the Court's authority, as described in *Cross* and *Sterling*. The *Johnson* decision dealt only with when supervision commences initially, not with the Court's authority after a revocation.

Of course, supervisory *authority* does not mean it is always exercised. Judgment and discretion still apply. For a supervisee in custody, it would make no sense to enforce a "no contact with felon" provision. But by the same taken, from a public safety perspective, it would make no sense to ignore a violent new crime committed while in custody on revocation because it could bear directly on the terms of supervision necessary upon release. The Defendant complains that this could mean the Court's supervising authority lasts longer than the term it originally imposed, but that's a function of how Defendant's own new criminal behavior triggers the tolling statute. If, to use Defendant's hypothetical, Defendant commits a new crime in custody—say grievously or mortally wounding a fellow inmate or guard—sufficient to trigger a new 30-year custodial sentence, Defendant is in no position to complain that statutory tolling permits the Court to supervise his return to the community after he serves the new custodial term.

For these reasons, the Court concludes the Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. The Magistrate Judge properly analyzed the claims, and the Court concludes that Defendant is not entitled to the relief he seeks for the very reasons detailed in the Report and Recommendation of the Magistrate Judge.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 100) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 98) is **DENIED.**

Dated:     April 21, 2023              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE